IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILLIP ANDREW RIDLEY, SR., )
)
Plaintiff, )
)
v. ) Case No. 1:18CV171
)
KEVIN AUTEN, GREG HANNOLD, )
and KAREN RUSSELL, )
)
Defendants. )
)

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [Doc. #13] filed by Defendants Rowan County Sheriff Kevin Auten and Rowan County Detention Center Administrator Greg Hannold. Plaintiff requested an extension of time to respond, and that request was granted and Plaintiff was allowed until October 12, 2018 to respond to the Motion to Dismiss. However, Plaintiff failed to request a further extension or file a response in opposition to the Motion to Dismiss. Thus, the Motion to Dismiss has been referred for consideration without any opposition filed in response from Plaintiff. In the circumstances, the Court will recommend that Defendants' Motion to Dismiss be granted, as set out below.

Local Rule 7.3 provides that "i[f] a respondent fails to file a response [to a motion] within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR7.3(k). Local

Rule 7.3 further provides that with respect to motions to dismiss for failure to state a claim, the responding party must file a response within 21 days after service of the motion. LR7.3(f). Plaintiff was specifically notified by the Court that the Motion to Dismiss had been filed and that he had the right to file a response. That Notice [Doc. #16] specifically cautioned him that:

> You have the right to file a 20-page response in opposition to the defendant(s)' motion(s). Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant(s)' contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the defendant(s)' motion(s), it is likely your case will be dismissed or summary judgment granted in favor of the defendant(s). A response to a motion to dismiss must be filed within 21 days from the date of service of the defendant(s)' motion upon you.

Plaintiff requested an extension of time, which was allowed, but then nevertheless failed to file any response by the new deadline. Therefore, in light of the lack of any further response by Plaintiff, the Court will recommend that Defendant's Motion to Dismiss be treated as an uncontested motion and be granted.

The Court further notes that even if the matter is considered on the merits, it appears that dismissal is appropriate. In the Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 based on alleged deliberate indifference to his serious medical needs in relation to injuries he sustained in a fall on a wet floor at the Rowan County Detention Center in May 2017. However, Plaintiff does not allege that either Sheriff Auten or Detention Center Administrator Hannold were present at the time of Plaintiff's fall, during any of his subsequent treatment appointments, or during transport to and from Rowan County Detention Center. Plaintiff also does not allege that either had any personal involvement in such actions. It appears that Plaintiff is attempting to hold these Defendants liable for alleged constitutional violations by

their subordinates. However, supervisory liability under § 1983 requires: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to individuals like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff fails to allege facts to support such a showing here. In addition, Plaintiff has failed to allege that his injuries were caused by an official policy or practice as required to state such a claim under § 1983. Finally, to the extent Plaintiff asserts claims based on negligence, those allegations of negligence would not state a federal claim under § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, Plaintiff has failed to state a claim upon which relief may be granted as to Defendants Auten and Hannold.

For all of these reasons, the Motion to Dismiss should be granted.

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss filed by Defendants Auten and Hannold [Doc. #13] be GRANTED, and that all claims against them be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6).

This, the 26th day of October, 2018.

                                                /s/ Joi Elizabeth Peake
                                          United States Magistrate Judge